**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| MyCUmortgage, LLC, | : | Case No. 3:19-cv-00022 |
| Plaintiff, | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| Wilford L. Davis, et al., | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff MyCUmortgage, LLC filed a Complaint in the Montgomery County Court of Common Pleas, seeking to enforce the terms of a promissory note that Defendant Wilford L. Davis executed in late December 2006. (Doc. #3, *PageID* #s 268-69).

Pro se Defendant Wilford L. Davis has filed a Notice of Removal. He seeks to remove Plaintiff's case from state-court based on this Court's diversity jurisdiction. He also asserts that his federal due process rights guaranteed by the Fifth, Seventh, Ninth, and Fourteenth Amendments to the Constitution "are being directly and systematically impaired and infringed by unconstitutional statutory laws and customs, practices, and policies having the force and effect of law in the State of Ohio." (Doc. #3, *PageID* #262).

Defendant Davis's pro se Notice of Removal is pending upon Plaintiff's Objection to Removal (Doc. #6). Defendant Davis has not responded to Plaintiff's Objection. Plaintiff asks the Court to deny Defendant Davis's request to remove this case from state

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

court.

Defendant Davis has the burden to establish that removal of this case from state court is proper. *See Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989); *see also Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37 (1921).

He states in his Notice of Removal that this case "arises from a dispute regarding the deed and Note related to the real property located at 140 Greenhill Road, Dayton, OH…." (Doc. #3, *PageID* #261). Plaintiff describes this as a foreclosure case.

Examination of Plaintiff's Complaint and accompanying Exhibits (attached to Defendant Davis's Notice of Removal) confirms Plaintiff's description of the events in state court that led to the present removal case. This is particularly so because Plaintiff relies on state-court records from its case against Defendant Davis. Defendant Davis does likewise in support of his Notice of Removal. *See* Doc. #3 (and attached Exhibits); *see also* Doc. #4. Additionally, Defendant Davis has not challenged Plaintiff's description of the events that preceded Defendant Davis's Notice of Removal. In these circumstances, taking judicial notice of the facts that follow is warranted. *See* Fed. R. Evid. 201(b).

This case began when Plaintiff filed a Complaint in the Montgomery County, Ohio Court of Common Pleas. Plaintiff sought (in part) foreclosure based on Defendant Davis's failure to satisfy the terms of a promissory note (the Note) he had executed in December 2006. (Doc. #3, Exhibit A). In December 2006, Defendant Davis also executed a mortgage on certain real property, probably where Plaintiff lived, as security for the Note. *Id*. at Exhibit C. The mortgage was assigned to Plaintiff. *Id*. at Exhibit E.

Events in state court turned against Defendant Davis in September 2016 when the state court issued a Judgment Entry and Foreclosure Decree in Plaintiff's favor and ordered the Sheriff of Montgomery County Ohio "to proceed without delay … to sell according to law …," the real estate that was the subject of the mortgage and Plaintiff's foreclosure case. *Id.* at *PageID* #s 315-21.

Defendant Davis turned to the U.S. Bankruptcy Court for relief but gained none. The bankruptcy case was dismissed in May 2018. *See id.* at 328-30; *see also* Doc. #6, *PageID* #395. At that point, the state-court foreclosure case was reinstated. (Doc. #3, *PageID* #345-48). And the state court again Ordered the Sheriff of Montgomery County to auction the property that was the subject of the Judgment previously entered in Plaintiff's favor and against Defendant Davis. (Doc. #3, *PageID* #331). A third-party purchased the property. Public records in Plaintiff's state-court action reveal that a Writ of Restitution was filed and issued on March 27, 2019, and the third-party purchaser was placed in possession of the property.

Although Plaintiff acknowledges that the requirements of diversity jurisdiction appear to be satisfied, *see* 28 U.S.C. § 1331, it argues that its initial foreclosure case was completed in state court over two years ago. This argument is based on the Judgment entered in Plaintiff's state-court foreclosure case against Defendant Davis in September 2016. The Judgment entered against Defendant Davis in state court in September 2016 put to rest all of Plaintiff's claims against him. At that point in time there ceased to be a pending case concerning Plaintiff's claims against Defendant Davis in the Montgomery County Court of Common Pleas.

3

"Defendants may remove a civil case from state court to the federal district court located in 'the place where such action is pending'...." *Yassan v. J.P. Morgan Chase and Co.*, 708 F.3d 963, 968 (7th Cir. 2013) (quoting, in part, 28 U.S.C. § 1441(a)). Because the Judgment entered against Defendant Davis in September 2016 put to rest all of Plaintiff's claims against Defendant Davis, there was no longer a pending state-court case between them at the time he filed his Notice of Removal. His removal of the present case was therefore improper. *See id.*

Even if Plaintiff's claims against Defendant Davis were pending at the time of removal, there is no longer a live case and controversy between Plaintiff and Defendant Davis. The state court has issued Judgment against Defendant Davis, the Sheriff has auctioned the real property, a third-party has purchased it, and a Writ of Execution has issued. The present case is therefore moot and dismissal is warranted. *See Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019) ("The mootness doctrine..., 'requires that there be a live case or controversy at the time that a federal court decides the case.'").

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Objection to Defendant's Petition for Removal (Doc. #6) be SUSTAINED; and

2. The case be dismissed and terminated on the docket of this Court.

May 8, 2019                              *s/Sharon L. Ovington*
                                                                 Sharon L. Ovington
                                                                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).